IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Charlena Hicks,<br><br>    Plaintiff,<br><br>vs.<br><br>Nestle Prepared Foods Company,<br><br>    Defendant. | Civil Action No.7:09-1962-HFF-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. [Doc. 31.]. By a separate order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff has been advised of the dismissal procedure and the possible consequences if she failed to adequately respond to the defendant's motion to dismiss. [Doc. 32.]

The defendant reasonably requests dismissal of this case for the plaintiff's failure to follow orders of this Court and to produce discovery. As the defendant details in its motion, the plaintiff has failed to comply with this Court's Order that the plaintiff file her Rule 26(f) Report [Doc. 29] and, further, that she has refused to respond to the defendant's written discovery, served November 30, 2009. In response, the plaintiff has not disputed any of it. [Doc. 34.]

Notwithstanding, the Court believes that there are reasons to give the plaintiff one last clear chance to conform her participation in this case to the mandates of the rules of civil procedure and this Court's authority. First, the plaintiff has been proceeding *pro se,* and the Court will not lightly terminate the plaintiff's rights in whatever colorable claim she may have against the defendant, if any. Second and most critically, the plaintiff has only

now retained counsel, on February 10, 2010. [Doc. 31.] Her *pro se* status, prior to that point, is certainly no excuse for her lack of participation in this case, but the presence of counsel weighs in favor of allowing her another opportunity to demonstrate her commitment to prosecuting it.

While these considerations will forestall dismissal of the case for the moment, they in no way excuse the plaintiff's delinquency. The plaintiff and her counsel should understand clearly that she is in violation of an Order of this Court and the strictures of the Federal Rules of Civil Procedure. Her nonparticipation is a serious matter. It has resulted in some expense and inconvenience to the defendant.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss [Doc. 59] be DENIED. It is ORDERED that the plaintiff shall serve discovery responses upon the defendant, by March 19, 2010. By that same date, she should file her Rule 26(f) Report. A failure to do so may result in sanctions, including dismissal of the action.

IT IS SO ORDERED AND RECOMMENDED.


s/Bruce H. Hendricks
United States Magistrate Judge


March 3, 2010
Greenville, South Carolina